UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CRYSTAL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Jury Demand |
| | ) | |
| WALL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. (Title VII), Plaintiff files this Complaint against Defendant and alleges the following:

### Parties and Jurisdiction

1. The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

2. Defendant is a Delaware limited partnership that does business in Georgia. Its registered agent for service of process in Georgia is The Corporation Company (FL), 410 Peachtree Parkway Suite 4245, Cumming, GA, 30041.

3. Defendant has more than 15 employees.

4. Defendant operates a Walmart store located on Battlefield Parkway in Fort Oglethorpe, Georgia.

5. Plaintiff is a 57-year-old Black female. She resides in Fort Oglethorpe, Georgia.

## Facts

6. Plaintiff was employed by Defendant at its Battlefield Parkway store in Fort Oglethorpe from approximately August 12, 1998 until September 25, 2023. Plaintiff worked as an hourly employee in the position of cashier.

7. Plaintiff was qualified for the employment position she held with Defendant. During the course of her employment with Defendant, Plaintiff received good performance reviews and raises in her pay.

8. Plaintiff practices and holds sincerely-held beliefs in the Christian religion. Christianity prescribes certain religious practices that Plaintiff follows as a practicing Christian.

9. As a practicing Christian, working on Sunday is contrary to Plaintiff's sincerely-held religious beliefs and practices.

10. In approximately early 2021, Plaintiff advised her manager at the time, whose name was Cherrica Jackson, that she could no longer work on Sundays due to her Christian religious beliefs. When Plaintiff advised Ms. Jackson that she could no longer work on Sundays, Jackson responded that "You'll have to get your hours cut." From that point forward, Plaintiff was scheduled for substantially fewer hours per week and earned less wages than when she was working on Sundays.

11. In approximately February of 2022, Plaintiff approached the store manager, whose name was Tom, and asked him why her hours were being cut. Tom responded that it was "because you aren't working on Sundays."

12. In approximately January 2023, Plaintiff's team leader, whose name was Shayna, reiterated to Plaintiff that if she did not work on Sundays, her hours would be cut.

13. Accordingly, Plaintiff continued to work fewer hours and earn less wages each week until her employment ended on or about September 25, 2023.

14. Defendant easily could have schedule Plaintiff to work on other days of the week besides Sunday to make up for the hours she was not working on Sundays. There were other employees who were willing to work on Sundays whom Walmart could have scheduled to work on Sundays while allowing Plaintiff to work on other days of the week to increase her work hours. Accordingly, it would not have imposed an undue hardship on Defendant to allow Plaintiff to increase her work hours without working on Sundays.

15. As a result of being scheduled for fewer work hours due to her unwillingness to work on Sundays, Plaintiff sustained lost wages and lost benefits.

<u>**Violations of Title VII**</u>

<u>**Count 1—Religious Discrimination in Violation of Title VII**</u>

16. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations contained in paragraphs 1-15 above.

17. By reducing Plaintiff's work hours and wages because she was unwilling to work on Sundays due to her religious beliefs, Defendant discriminated against Plaintiff on the basis of her religion in violation of Title VII, and specifically 42 U.S.C. § 2000e-2(a). Plaintiff's religion was a motivating and determinative factor in the reduction of her work hours and wages.

18. As a result of Defendant's violation of Title VII, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

19. As a result of Defendant's violation of Title VII, Plaintiff suffered and is entitled to recover compensatory damages for emotional distress, pain and suffering, loss of enjoyment of life, and harm to reputation.

20. Defendant's violation of Title VII was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

21. Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

**Count 2—Retaliation Based on Religious Beliefs in Violation of Title VII**

22. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations contained in paragraphs 1-21 above.

23. By reducing Plaintiff's work hours and wages in response to her refusal to work on Sundays due to her religious beliefs, Defendant retaliated

against Plaintiff and subjected her to adverse employment action because she opposed an unlawful practice, in violation of Title VII, and specifically 42 U.S.C. § 2000e-3(a). Defendant's adverse employment action would not have occurred if Plaintiff had not opposed the unlawful employment practices as described above.

24. As a result of Defendant's violation of Title VII, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

25. As a result of Defendant's violation of Title VII, Plaintiff suffered and is entitled to recover compensatory damages for emotional distress, pain and suffering, loss of enjoyment of life, and harm to reputation.

26. Defendant's violation of Title VII was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

27. Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

## **Exhaustion of Remedies**

28. On September 5, 2023, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

29. On March 26, 2024, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) lost benefits;

(d) compensatory damages, including damages for emotional distress, pain and suffering, loss of enjoyment of life, and harm to reputation;

(e) punitive damages;

(f) attorneys' fees and costs; and

(g) all further legal and equitable relief to which she may be entitled.

Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
Attorney at Law
4525 Harding Pike
Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
 Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com
